Amir J. Goldstein, Esq. (CA Bar No. 255620)
Attorney for Plaintiff
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194
ajg@consumercounselgroup.com

FILED

2012 JUN -1  AM 10: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____ MAP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MARK GALAVIZ,

          Plaintiff,

  v.

THE CBE GROUP, INC. and DOES  1
through 10, inclusive,

          Defendant.

CASE NO.: EDCV12-874-VAP (DTB)

COMPLAINT FOR DAMAGES

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant THE CBE GROUP, INC. alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et seq. ("TCPA").

**PARTIES**

2. Plaintiff is a natural person residing in Montclair, California.

3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Waterloo, Iowa.

**JURISDICTION**

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the Defendant conducts business, the nature of which subjects the corporation to jurisdiction, in this district.

**AS AND FOR A FIRST CAUSE OF ACTION**

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff from one Verizon.

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to the Defendant for collection.

8. That on or about March 2012 through on or about April 2012, Plaintiff received several unauthorized phone calls to his cellular phone from Defendant in an attempt to collect the aforementioned debt.

9. That on or about March 2012, Defendant called Plaintiff's cellular phone number multiple times a day from **(515) 954-7696**, a phone number belonging to Defendant, but no voicemail messages were ever left.

10. That on or about March 2012, Defendant called Plaintiff's cellular phone number multiple times a day from **(319) 242-7348**, a phone number belonging to Defendant, but no voicemail messages were ever left.

11. That on or about March 14, 2012, Defendant called Plaintiff's cellular phone number from **(515) 954-7696** in attempt to collect a debt and left Plaintiff a voice message.

Complaint for Damages

12. That in said voice message, Defendant's agent deceptively stated (in pertinent part) that she was calling regarding an **"IP issue"** and that **"a connection could not be set up."**

13. That shortly thereafter, Defendant called Plaintiff's cellular phone number <u>again</u> from **(515) 954-7696**.

14. That Plaintiff, confused from the prior voice message, answered Defendant's phone call.

15. That in said communication, Defendant's agent verified Plaintiff's identity and informed Plaintiff that the call was regarding a Verizon account.

16. That Plaintiff immediately disputed the debt, informed Defendant that he never received any statements, and requested validation from Defendant.

17. That in response, Defendant's agent deceptively informed Plaintiff that all collection activity would cease for **ten** days until an itemized bill could be sent to Plaintiff.

18. That notwithstanding Plaintiff's request for validation, Defendant continued to harass Plaintiff and call his cellular phone in an attempt to collect the aforementioned debt.

19. That to date, Defendant has not responded to Plaintiff's request for validation.

20. That on or about March 2012 through April 2012, Defendant called Plaintiff's cellular phone several times where the Defendant failed to disclose that the phone call was from a debt collector.

21. That Defendant left deceptive messages which lacked disclosures creating a false impression that the phone call was not an attempt to collect a debt and did not originate from the Defendant.

22. That the Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights and are intended to circumvent the law, while compelling payment by means of duress and coercion.

23. That although Defendant placed several phone calls to Plaintiff's cellular phone from **(360) 612-0008,** a phone number belonging to Defendant, Defendant also placed several phone calls to Plaintiff's cellular phone from **(319) 242-7348**, creating a false impression

that the phone call was not an attempt to collect a debt and did not originate from the Defendant.

24. That said message left by Defendant deceptively varies and changes in form and substance so that the Plaintiff is unable to determine the callers' identity, so that continuous and repetitive calls could be placed, appearing to be from different parties.

25. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of making representations which are false, harassing, confusing, misleading, deceptive and/or unfair.

26. That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: extreme embarrassment, humiliation, shame, high blood pressure, stress, anxiety, aggravation and sleepless nights.

27. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in that the communications to the Plaintiff by the Defendant were deceptive, misleading and done in furtherance of harassing the Plaintiff to coerce payment of a disputed debt, under duress and harassment.  More specifically:

   a. Defendant has violated 1692d(5) by causing the Plaintiff's phone to ring repeatedly and continuously with intent to annoy, abuse or harass the Plaintiff at the called number;

   b. Defendant has violated 1692d(6) by placing several phone calls to Plaintiff without giving meaningful disclosure of the caller's identity;

   c. Defendant has violated 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt;

   d. Defendant has violated 1692e(10) by using false representations and/or deceptive means in an attempt to collect the alleged debt;

   e. Defendant has violated 1692e(11) by failing to disclose in communications that the communication is from a debt collector;

   f. Defendant has violated 1692f by using unfair or unconscionable means to collect the alleged debt;

g.  Defendant has violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt.

28. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff realleges paragraphs 1 through 28 as if fully restated herein.

30. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

31. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

a.  By placing telephone calls without disclosure of the caller's identity, Defendant has violated §1788.11(b);

b.  By causing a telephone to ring repeatedly or continuously to annoy the person called and by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, Defendant has violated §§ 1788.11(d) & (e);

c.  In failing to inform consumers its true identity, Defendant has violated §1788.13(a), which prohibits communications with the debtor other than in the name of the debt collector or the person on whose behalf the debt collector is acting and §1788.13(i), which prohibits the false representation of the true nature of the business or services being rendered by the debt collector;

d.  By failing to include certain debt collection notices and disclosures required by law.

32. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant' violations of the Rosenthal Act.  Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

33. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

34. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

### AS AND FOR A THIRD CAUSE OF ACTION

35. Plaintiff realleges paragraphs 1 through 34 as if fully restated herein.

36. That Defendant made several dunning telephone calls to Plaintiff's cellular phone using an automated telephone dialing system and/or a pre-recorded or artificial voice.

37. That Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

38. That none of Defendant's telephone calls placed to Plaintiff's cellular phone were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

39. That Plaintiff was charged for the phone calls made by Defendant to his cellular phone.

40. That Defendant willfully or knowingly violated the TCPA, by placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. That as a result of Defendant's violations of the TCPA, Plaintiff suffered stress, aggravation and emotional distress.

42. That as a result of Defendant's violations of the TCPA, Plaintiff is entitled to $500.00 for each artificial and/or prerecorded telephone call pursuant to 47 U.S.C. §227(b)(3)(B).

43. That as a result of Defendant's violations of the TCPA, Plaintiff is entitled to a maximum of treble damages pursuant to 47 U.S.C. §227(b)(3).

44. That as per 47 U.S.C. §227 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a)  Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(b)  Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c)  Statutory damages and actual damages pursuant to 47 U.S.C. §227 in an amount to be determined at the time of trial on the third cause of action.

(d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and CA Civil Code §1788.30, *et seq.*

(e)  For such other and further relief as may be just and proper.

(f)  Plaintiff requests trial by jury on all issues so triable.

Dated: May 23, 2012

Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
5455 Wilshire Boulevard., Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400  Fax 866.288.9194

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 874 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> MARK GALAVIZ | DEFENDANTS <br> THE CBE GOURP, INC. and DOES 1 through 10, inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Amir J. Goldstein, Esq. <br> 5455 Wilshire Blvd, Suite 1812 Los Angeles, CA 90036 <br> Tel. 323.937.0400 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq; Violations of the Fair Debt Collection Practices Act ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _EDCV12- 874_

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Iowa |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  5/3/12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors insurance benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

Name & Address:
Amir J. Goldstein, Esq.
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MARK GALAVIZ, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | EDCV12-874-VAP(DTBx) |
| v. | |
| THE CBE GROUP, INC. and DOES 1 through 10, inclusive, | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Amir J. Goldstein _____, whose address is 5455 Wilshire Blvd, Suite 1812. Los Angeles, CA 90036 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN - 1 2012 _____

By: _____

SEAL
MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                          SUMMONS